JUDGE WILLIAMS
delivered the opinion op the court.
Mrs. Agnew was formerly the wife of W. M. Telotson, who was guardian for Reeder. The ward coerced about $800 out of Hicks, his guardian’s security; Hicks then attached a negro slave man who had been purchased by Telotson, but conveyed to his wife. Appellee being the mother of Mrs. Telotson, advanced over three hundred dollars in obligatory notes to Denton to assist in relieving the negro from the attachment; Denton with these, and his own note to Hicks for $260, paid the debt and released the slave from the attachment; whereupon, Telotson and wife conveyed the slave to Denton, who, on the same day, re-conveyed him to Mrs. Telotson, reserving a lien for his liability of $260, and reserved the right to hire out the slave until reimbursed.
Mrs. Williams directed Denton to take the joint note of Telotson and wife for her outlay; but this he did not do. Pie mentioned it to Telotson, who said he would at some future time execute the note, but said nothing to Mrs. Telotson.
Telotson afterwards died, when one of his creditors attempted, by suit, to subject said slave to his debt, but which Mrs. Telotson resisted, asserting her ownership, *7 and in her answer sets out the above transaction, but does not in it acknowledge her indebtedness to her mother, or in any manner assume its payment.
She afterwards married Agnew, who assumed to pay the debt of Denton to Hicks, and took possession of the slave. Previous to his marriage, Denton had told him Mrs. Williams had notified him she should look to him for her advances, and then Agnew said he would pay her; but -after the marriage he said he had discovered she had no lien on the slave, and he would not pay her.
Mrs. Williams brought this suit against Agnew and wife, seeking a personal judgment against both, and for no other purpose.
Agnew and wife both deny their responsibility; but the judge to whom the case was referred, without the intervention of a jury, gave a personal judgment against both, which they seek to reverse. The debt was originally that of Telotson, the first husband, and its payment was for his use and benefit. How far his wife, had she had separate property, might have bound it, need not now be decided, for there is neither allegation nor proof that she then had a separate estate.
Nor could she have bound her general estate for any other purpose or in any other way than as provided in chapter 47, article 2, subdivision 1, section 1, 2 Stanton^'s Revised Statutes, page 8. It was therefore erroneous, in any view of the case, to give a personal judgment against Mrs. Agnew; and it is hard to perceive how the liability of R. W. Agnew can be made out.- If Mrs. Williams had secured a lien on the slave, there would have been a consideration to uphold his promise, as he thereby got possession of the slave; but as she had no lien on the slave, nor indeed any legal obligation on his then intended wife, there was no sufficient consideration to uphold his *8 promise by reason of getting possession of the slave; and if his wife had been responsible for the debt before he married her, still he would not have been responsible for it unless he had received by her sufficient estate. (Section 3, same article and chapter.) And there is neither allegation nor proof that he did receive sufficient estate by her; so the judgment as to him is erroneous in any view we have been enabled to take of the case. The judgment is therefore reversed, with directions for a new trial, and further proceedings in conformity with this opinion. Should either party desire to amend their pleadings within reasonable time, they should be permitted to do so; and if a proper case should be presented, the cause should be transferred to the equity docket.