JUDGE HARDEST
delivered the opinion oe the court.
This cause is now for the second time in this court. On the former appeal — which was prosecuted by W. G-. Dodds and wife from a judgment against them for six hundred dollars for alleged breach of warranty as well as fraud in the sale of a slave named Sallie and her child, sold to the plaintiff by Mrs. Dodds, with her husband’s assent, on the 2d day of March, 1860 — this court reversed the judgment for an error of the court below in refusing to require the plaintiff to elect whether he would proceed alone for the breach of warranty or for fraud — the two causes of action having been improperly united — and for the further reason that Mrs. Dodds, being a married woman, did not incur personal responsibility by the breach of her contract of warranty.
*684 On the return of the cause to the circuit court, the plaintiff elected to prosecute his suit against the defendants for fraud in the sale of the slaves. The cause was tried in equity, and the court dismissed the petition as to both defendants; but, on reconsideration,-set the judgment aside as to W. G-. Dodds, and ordered that the issue between the plaintiff and him be tried by a jury; and from the judgment dismissing the action as to the defendant Sarah Dodds the plaintiff has appealed; and W. Gr. Dodds has prayed a cross-appeal, from the last order, which in effect re-instated the action as to him.
There being no final judgment as to W. G. Dodds, his cross-appeal must be dismissed.
As we construe the action of the court, the judgment, as modified, is in substance and effect that the plaintiff can not recover in this action for the alleged fraud of Sarah Dodds, whether he can or not recover against W. G. Dodds for fraud and deceit committed by him; and in determining the question of law thus presented it will not be necessary to decide the questions of fact relative to the sale and alleged unsoundness of the slaves, which may, at least so far as W. G. Dodds participated in the transaction, be the subject of another trial in the circuit court.
There can be no doubt, as suggested in the former opinion in this ease, that a fraud committed by a married woman may vitiate a sale made by her, and authorize a rescission of the contract if properly sought; and it may operate to estop her in many instances from avoiding a sale or conveyance of her propei'ty. But the principle of this doctrine is not applicable to a case like this, in which a recovery is sought in a joint action against the husband and wife for fraud practiced by her in a contract for the sale of her general property. In Owens v. Snod *685 grass and wife, 6 Dana, 229, it is said that “though, a feme covert may be guilty of a tort either separately or conjointly with her husband, yet she can not, in our opinion, be precluded from relying on her coverture as a bar to legal liability for a fraud committed by her in a contract which her disability made void.” And this is true generally where the fraud is directly connected with a contract of the wife, and is the means of effecting it, and part of the same transaction. (2 Hilliard on Torts, 590.)
But it is equally well settled that the husband is liable for the simple torts of the wife, committed during her coverture, as trespasses, libels, or slanders, although the injury may in some form involve the commission of a fraud. And if the wrong be perpetrated in the husband’s company, or by his order, he is generally liable to be sued alone; if not, he is nevertheless liable, but the wife must also be joined as a defendant. (2 Kent’s Com. 150.) But whether the action in such cases be jointly or separately prosecuted, the fact of the coverture will not bar a recovery against the husband.
It may be often difficult to clearly discern the line of distinction between the two classes of cases indicated, and to determine whether, in particular cases, a married woman may by her fraudulent act incur legal responsibility or devolve it on her husband. But in this case we are led to the conclusion, from what seems to be the weight of authority on the subject, that no legal responsibility was incurred by the alleged false and fraudulent representations of Mrs. Dodds concerning the health and condition of the slaves in connection with said contract, so far as the same were her own acts, not constrained, induced, or participated in by her husband.
It has been contended in the argument that as Mrs. *686 Dodds might unite with her hushand, under the statute regulating marital rights, in selling and conveying her slaves in the same mode as her land might be sold and conveyed, her coverture would not shield her from responsibility for false representations made by her in connection with the sale of the slaves, whatever might be its effect in ordinary transactions; but in sales and conveyances of slaves as well as of lands the power of a feme covert to bind herself is restricted to the right to sell .and convey her title, and does not extend to warranties or assurances of the title or quality of the property. (Falmouth Bridge Co. v. Tibbatts, 16 B. Mon. 637.)
As no personal judgment could in this action have been rendered against Mrs. Dodds (Agnew and wife v. Williams, 1 Bush, 4), we construe the judgment dismissing the action as to her as only affecting the alleged responsibility of W. GL Dodds, so far as the same may have been supposed to rest on the representations of his wife concerning the slaves — not, as already observed, constrained, induced, or participated in by him. And so regarding the judgment, we perceive no sufficient cause for reversing it, although it might have been more regular to have disposed of the entire case by one trial.
Wherefore the judgment is affirmed on the appeal, and the cross-appeal is dismissed.