B. W. Thomas et ux *v.* Seller & Co.

**Judgment—Against Feme Covert.**

A judgment against a wife "to be levied or collected out of her general estate," is erroneous. It should point out what property or interest of hers is subject to the debt and specifically order it to be sold.

APPEAL FROM JEFFERSON CIRCUIT COURT, C. P. DIV.

October 4, 1871.

OPINION OF THE COURT BY JUDGE HARDIN :

This was an ordinary action upon a promissory note for $435, executed by the appellants, Nancy Thomas and her husband, B. W. Thomas, to the appellees for a carriage. B. W. Thomas made no defense, and a judgment was rendered against him by default; but his wife pleaded her coverture, at the time of the execution of the note, as a bar to the action as against her. Subsequently the pleadings were so amended as to present the issue, whether the carriage was necessary for the use of Mrs. Thomas and her family, considering her circumstances and station in life—the fact being disclosed that she was the owner of some real and personal estate.

Upon that issue a verdict and judgment were rendered for the plaintiff, which the court refused to set aside on a motion for a new trial. But that judgment being strictly personal, the court on the motion of the plaintiffs so far modified it as to direct that execution issue thereon "to be levied or collected out of the general estate of said defendant Nancy Thomas and not otherwise." To reverse that judgment Thomas and wife prosecuted this appeal.

The principal, and as we conceive, the only important question presented for our determination is, as to the form and character of the judgment. Although generally a married woman cannot, by contract render, even her general estate liable for her debts, she may, under the *first section of article 2, of chapter 47, of the Revised Statutes,* in a particular manner and with her husband's assent and co-operation, bind such estate for necessaries for herself or any member of her family; but an ordinary personal judgment

is not the appropriate remedy for enforcing such a liability (*Agnew et ux v. Williams, 1 Bush, 4; Curd v. Dodd et al., 6 Bush, 681*). But instead of leaving it to the sheriff, or other collecting officer, to determine what estate of the *feme covert* may be liable to be levied on and sold, the judgment should point out what property or interest of hers is subject to the debt and specifically order it to be sold (*Marshall v. Miller 3 Metcalfe, 333*). This, the court omitted to do in the case; and for its failure to do so, the judgment is deemed erroneous and must be reversed.

It would have been proper to transfer the case to equity, but the affiant having successfully resisted a motion of the appellees, made for that purpose, are not in a position to complain of the court in overruling the motion.

But, for the error indicated, the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.

*Duke, Richards, for appellant.*

*Tywman, for appellees.*