JOSEPH GUERTIN

*v.*

JOSEPH MOMBLEAU.

*Filed at Ottawa, January 19, 1893.*

1. CONVEYANCES — *idem sonans* — *identity of person.* Where land is conveyed to Mitchell Allen, and a deed is given by Mitchell *Allain*, the latter will pass the title that was in Mitchell Allen. The names 'Allen" and "Allain," being *idem sonans*, it will be presumed that they are the names of the same person.

2. SAME — *acknowledgment before a notary — out of his county.* A notary public is authorized by the statute (sec. 9, chap. 99), to take the acknowledgment of a deed in a different county from that in which he resides.

3. SAME — *of after-acquired title — married woman.* In 1872, and before the Act of 1874, enlarging the powers of married women, a husband and wife made a deed purporting to convey the title to certain lots which the wife claimed, but as to part of which she had no title; it was held that an after-acquired title of the wife passed to the grantee of her and her husband.

4. LIMITATIONS — *color of title — after-acquired title.* Where a person not having the title to land, or the whole of the title, conveys the same by a deed, which purports to convey the title, a subsequent deed to such person, by one having title, will inure to the benefit of the holder under the first deed, and can not be relied on as color of title under the limitation law by the grantor in such subsequent deed.

5. SAME — *Act of 1839 — facts essential to constitute a bar.* To constitute a bar under the Limitation Act of 1839, three things must concur; — color of title acquired in good faith, and possession and payment

of taxes for seven successive years. The absence of either requisite is fatal to the defense.

6. APPEALS AND WRITS OF ERROR — *amending bill of exceptions — in matter of form.* An amendment of a bill of exceptions filed at a succeeding term, in a matter of form, when it appears in the record that there is enough to amend by, will not be stricken from the files in this court.

APPEAL from the Circuit Court of Kankakee county; the Hon. N. J. PILLSBURY, Judge, presiding.

This was ejectment in the Circuit Court of Kankakee county, by Joseph Mombleau against Joseph Guertin, to recover certain lots in Achille Chiniqui's addition to the village of St. Anne, in said county. The case was tried by the court without a jury. The plaintiff offered in evidence:

1st. Patent from United States to George W. Cassady for S. E. fr. qr., Sec. 4, T. 29 N. R. 12 W.

2nd. Deed from said Cassady to Mitchell Allen for same tract.

3rd. Deed from Mitchell Allain to Ambrose Allain, conveying N. half of the S. E. qr. of Sec. 4, and the N. half S. half, S. E. Sec. 4.

4th. Judgment in favor of John N. Lowe vs. Ambrose Allen entered January 23, 1858, and an execution, with levy and sale endorsed thereon, of the N. half S. E. qr. of Sec. 4.

5th. A deed from the sheriff of Kankakee county under said sale to Achille Chiniqui; dated and recorded August 7, 1860.

6th. Town plat by Achille Chiniqui, recorded August 30, 1871, blocks one (1) and two (2), of which lie entirely in the N. half, S. half of S. E. qr. of Sec. 4, and blocks 3, 4, 5 and 6, except 39 ft. off the north side of the same are also in the N. half of the south half of the S. E. of said quarter, while the north 39 ft. of said last-named blocks, and all other lots and blocks in the addition, are in the N. half of said S. E. qr. of said section.

7th. Deed from Achille Chiniqui to Charles A. Chiniqui, purporting to convey lots 1 and 2 in block 2, and blocks 3, 4, 5, 6, 7, 8, 9 and 10, in said addition, recorded June 10, 1871.

8th. A warranty deed from Charles A. Chiniqui and wife to Lucy Chiniqui, wife of Achille Chiniqui, conveying the same lots and blocks, dated June 16, 1871.

9th. Warranty deed from Achille Chiniqui and Lucy Chiniqui to W. D. Judson, Amos Tenney, Joseph E. Young, dated August 16, 1872, recorded August 20, 1872, conveying lots in controversy and others.

10th. Various other deeds conveying whatever title Judson, Tenney and Young acquired to the plaintiff.

11th. Quitclaim deed from Mitchell Allain to Alphonso Bondreau, purporting to convey N. half S. E. qr. Sec. 4, etc., May 14, 1872. Recorded May 17, 1872.

12th. A deed from Ambrose Allain and wife to Alphonso Bondreau, purporting to convey said N. half S. one-half S. E. qr. said Sec. 4. Date, June 25, 1875. Recorded same day.

13th. Deed from Alphonso Bondreau and wife to Charles A. Chiniqui, purporting to convey N. half S. half S. E. qr. said Sec. 4. October 11, 1877.

14th. Deed from Charles A. Chiniqui to Lucy Chiniqui, purporting to convey N. half S. half S. E. qr. said Sec. 4, June 17, 1880. Recorded December 21, 1881.

The defendant introduced in evidence:

1st. A quitclaim deed from Charles A. Chiniqui to Lucy Chiniqui, dated December 17, 1881. Recorded December 21, 1881.

2nd. Quitclaim deed from Lucy Chiniqui to Joseph Guertin, defendant, April 20, 1882, and recorded same day, and each deed describing the property mentioned in the declaration. Trial resulted in judgment for plaintiff and the defendant appeals.

Mr. DANIEL H. PADDOCK and Mr. WILLIAM PORTER, for the appellant.

Mr. T. P. BONFIELD and Mr. C. R. STARR, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was ejectment to recover certain lots in Achille Chini-qui's addition to the village of St. Anne, in Kankakee county. The evidence preserved in the record shows a patent from the United States to George W. Cassady, and a deed from him to Mitchell Allen. The next deed in the chain of title is from Mitchell *Allain* to Ambrose Allain. This deed was objected to, as not conveying the title vested by the conveyance from Cassady, in Mitchell Allen. It was held in the case of *Chini-qui* v. *Catholic Bishop*, 41 Ill. 153, that these names were *idem sonans*. That they are similar in sound when pronounced in ordinary conversation seems clear, and we have no disposition to review the grounds of that holding.

The record showed the title of Ambrose Allain, under said conveyances, to the N. half of the S. E. qr. of Sec. 4, was sold at sheriff's sale under a judgment in favor of Lowe, and against said Ambrose Allen, and a deed was made by the sheriff there-under to Achille Chiniqui for the same. Achille Chiniqui laid out an addition to the village of St. Anne, which embraced land on the said N. ½ of said S. E. ¼ of said Sec. 4, and also on the N. ½ of the S. ½ of said quarter section. That is, blocks 1 and 2, and all of blocks 3, 4, 5 and 6, except 39 feet off the north end of the north tier of lots, are upon the N. ½ of the S. ½ of said south-east quarter, while the 39 feet excepted and other blocks are upon the N. ½ of said S. E. qr. Under this state of facts, the deed from Achille Chiniqui to Charles A. Chiniqui, and the deed of the latter to Lucy Chiniqui, conveyed no title to any part of the lots or blocks situated on the N. ½ of the S. ½ of said south-east one-fourth, but was good as to the lots and blocks on the N. ½ of said quarter.

It is clear that Achille Chiniqui, by virtue of the sheriff's deed before mentioned, acquired title only to the 80 acres, more or less, described as the N. ½ of the S. E. ¼, etc., while the title to the 40 acres, more or less, being the N. ½ of the S. ½ of said quarter, remained in Ambrose Allain.

While the title thus stood, the N, ½ of said S. E. ¼ in Lucy Chiniqui, she, joined by her husband, Achille Chiniqui, executed, acknowledged and delivered their warranty deed for the lots in controversy to Judson, Tenney and Young.

By *mesne* conveyances, whatever right Judson, Tenney and Young acquired became vested in the plaintiff.

Objection is made to the deed of Lucy Chiniqui and her husband to Judson, Tenney and Young, on the ground that the acknowledgment appears to have been taken in Cook county by a notary public of Du Page county. This was, we think, authorized by the ninth section of the Notaries Public Act, in force July 1, 1872.

The principal contention, however, is, in respect of whether the title subsequently acquired by Charles A. Chiniqui inured to Lucy Chiniqui, his grantee, and those succeeding to her right. She acquired no title by the conveyance from Charles A. Chiniqui to herself, to the N. ½ of the S. ½ of said S. E. ¼ Sec. 4, the title remaining in Ambrose Allain. In 1875, after her conveyance to Judson, Tenney and Young, said Ambrose Allain conveyed N. ½ of the S. ½ of the S. E. ¼ of said section 4 to Bondreau, who, in 1877, conveyed the same to Charles A. Chiniqui. The latter having, by his warranty deed of June 16, 1871, covenanted to warrant the title to the lots situated upon said tract, to said Lucy Chiniqui, the title or interest acquired by said Charles A. therein would have inured to her, if she had not made her warranty deed to Judson, Tenney and Young. It is insisted that such after-acquired title would not inure to the benefit of her grantees. It is said that the warranty deed of Lucy Chiniqui and her husband was void, so far as it attempted to convey lots to which she had no title, and

being void as a conveyance she was not estopped by the covenants in her deed from holding the after-acquired title to her own use. That is to say, that the title acquired by Charles A. Chiniqui would inure under his deed to her, but would not inure to Judson, Tenney and Young and their grantees, under her deed to them. This contention seems to be based upon the theory that the estoppel arises solely from contract, and as a married woman was not clothed with full power of contracting generally, before the act of 1874, the covenants of warranty in her deed are not binding on her. Mr. Tiedeman, in his work on Real Property, sections 7–23, says: "In relation to the title of the land, an estoppel by deed arises when there is in the deed an express or implied representation that the grantor, at the time of his conveyance, was possessed of the title which his deed purports to convey. If there is such a representation, and it is false, whether he is committing fraud, or is acting under an honest belief, he is estopped from denying that he has title; he could not, by setting it up, defeat his own grant." See 3 Wash. Real Prop. 94. It is unimportant for us to notice the difference of opinion in the books, as to whether the covenants operate to convey or transfer the after-acquired title, or whether the title remains in the grantor by estopping him from asserting title contrary to his deed. Nor is it important whether section 7 of chapter 30, Revised Statutes, is declaratory of the common law, or changes the same in any respect. That section of the statute reads as follows: "If any person shall sell and convey to another by deed, or conveyance, purporting to convey an estate in fee simple absolute, in any tract of land or real estate, and not then being possessed of the legal estate, or interest therein, at the time of the sale and conveyance, but after such sale and conveyance the vendor shall become possessed of and confirmed in the legal estate of the land, or real estate so sold and conveyed, it shall be taken and held to be in trust, and for the use of the grantee or vendee; and the conveyance aforesaid shall be held and

taken, and shall be as valid as if the grantor had the legal title or interest at the time of such sale and conveyance." This statute applies only to deeds and conveyances which purport to convey an estate in fee. *Halbroo* v. *Debo*, 99 Ill. 372. In *Hill et al.* v. *Blackwelder*, 113 Ill. 295, we said, that by this provision of the statute "A conveyance of land by one not having title is made as valid to pass an after-acquired title as if the grantor had the legal title at the time of conveyance." It is conceded, practically, that since the Married Woman's Act of 1874, the provision quoted would apply to deeds of married women, as it would to the deeds of males or *femmes sole*. The power to convey land is a power to contract in relation to it. Section 18 of the Conveyance Act, in force July 1, 1872, and in force when Mrs. Lucy Chiniqui's deed was made, provides that: "Any married woman being above the age of eighteen years, joining with her husband in the execution of any deed \* \* \* or other writing for or relating to the sale, conveyance or disposition of her lands or real estate, or any interest therein, shall be bound and concluded by the same in respect to her right, title, claim or interest in such real estate as if she were sole." It may well be that prior to the Act of 1874 she would not be liable to an action on the covenants in her deed to Judson, Tenney and Young, but it by no means follows, under the section last quoted, that the title subsequently acquired would not inure to her grantees. If the effect of her deed purporting to convey title in fee is to bind and conclude her in respect to her right, title, claim or interest in the real estate, as if she was sole, it seems clear that the same effect should be given to her deed as if it was the deed of a *femme sole*, in which case it unquestionably would have the effect of passing subsequently acquired title. We are unable to perceive, upon principle, where a married woman is claiming land, and joins with her husband in the execution of a deed, conveying the same, and the title would inure to her grantee if

she were sole, why it would not inure under a conveyance made by her in pursuance of this statute.

The effect is simply to give a deed, otherwise void as a conveyance, because the grantor has no title, the validity which makes it operative when the grantor subsequently acquires title. The statute declares that the effect of such a deed shall be to pass any after-acquired title by the grantor, the same as if he was seized of it when the deed was made. We are of opinion that the after-acquired title by Charles A. Chiniqui, by means of the conveyance from Bondreau, inured to the grantees of Lucy Chiniqui. Her title having by operation of her deed under the statute passed to her grantees, she had no title to convey, and her deed, dated April 20, 1882, to the defendant constituted no defense to the action.

The defendant also relies upon the sixth section of the Limitation Act as to some of the lots in controversy. Appellant did not acquire color of title until April 20, 1882, less than seven years before the bringing of this suit. He can not rely upon the deeds to Charles A. or Lucy Chiniqui, as color of title, for the reason that whatever interest they acquired by or under said deeds, *eo instanti* inured to the benefit of their grantees, who took the same as if named in such deed as grantees. They at no time acquired claim and color of title in good faith, as against their prior grantees.

The three requisites of color of title acquired in good faith, possession and payment of taxes for seven successive years not concurring, the bar of the statute was not complete. *Stearns* v. *Gittings*, 23 Ill. 388; *Morrison et al.* v. *Norman et al.*, 47 id. 477.

After the appeal in this case was perfected, appellee obtained leave of the Circuit Court to amend the bill of exceptions, and the same was amended accordingly, and on *certiorari* was sent up duly certified. Appellant perfected a separate appeal from the order allowing the amendment, which is docketed as No. 2 of the term, and moved in this court to strike

such amended record from the files. This will not be done. It is evident that the deed from Ambrose Allain to Alphonso Bondreau, before mentioned, was before the court and considered. The original bill of exceptions shows that No. 24 of an abstract of title, marked in pencil on margin "IX," being deed from Ambrose Allain to Alphonso Bondreau, conveying the disputed lands by quitclaim, was offered and admitted in evidence. This is the deed set out in the amended bill of exceptions, and shows the land conveyed. There was, we think, sufficient in the original bill of exceptions to authorize the amendment.

Finding no error in the record, the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*