## Mathilda Szatkowski, for use of Anna Depka,v. Catholic Order of Foresters, Windhorst Court No. 74, Impleaded with Michael Pstrong and Eva Pstrong.

1. BILL OF EXCEPTIONS—*Practice of Amending.*—The practice of amending bills of exceptions subsequent to the term at which they are signed and filed, on due notice to the opposite party, in order to correct errors or supply omissions therein, has been repeatedly sanctioned by the Supreme Court, and can not now be successfully called in question.

2. CERTIFICATE OF EVIDENCE—*What Amounts to an Amendment.*— Where the record of the court in a case where a fraternal beneficiary society organized under the laws of this State, was a party, did not show that it was authorized to do business under a particular statute adopted after its organization, leave was obtained to file an additional record, which was done, and in which it appeared by a certificate from the State Insurance Department, that said society was duly authorized to transact business in this State in conformity with the provisions of said statute. It also appeared that the court below ordered the certificate be filed *nunc pro tunc* as of the date of the trial of said cause. It was so filed and appeared in said additional record with the order of court. *It was held* in effect and in fact to be an amendment of the certificate of evidence.

Garnishment,—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term,1898. Affirmed. Opinion filed October 21, 1898.

MAX ROBINSON, attorney for appellant.

CZARNECKI & KORALESKI and E. S. CUMMINGS, attorneys for appellees.

MR. JUSTICE HORTON delivered the opinion of the court.

July 6, 1896, Anna Depka recovered a judgment in the Circuit Court against Mathilda Szatkowski for the sum of $525.30. Upon that judgment a garnishee summons was issued July 18th against the Catholic Order of Foresters, and served July 20, 1896. By its answer in the garnishee proceeding the issue is tendered that the money in its hands was not liable to garnishment for the satisfaction of said judgment.

The Catholic Order of Foresters is a fraternal beneficiary society. One, and perhaps the main purpose and object of said society, is to furnish life indemnity or pecuniary assistance to the beneficiaries of deceased members. That society was organized May 24, 1883, under the laws of this State. The statute then in force did not, in terms, exempt from garnishment money due from the society to such beneficiaries. By an amendment in force July 1, 1893, of the statute before that date in force, it is provided that such money shall not be liable to garnishment when in the hands of such a society which has been authorized to do business in this State.

At the trial a jury was waived and the cause was submitted to the court.

From the original record filed in this court, it does not appear that this society had been authorized to do business in this State under the statute as amended in 1893, which provides such exemption. The brief of counsel for appellant is upon that original record. It is devoted to the proposition that there is no exemption fixed by the statute under which said society was organized, and that the money in the hands of said society was subject to garnishment. No mention is made in that brief of any proof, or any effort to prove, that said society had been brought under the provisions of the statute of 1893.

After said brief for appellant had been filed, appellees, by leave of this court, filed an additional record. It thereby appears, by a certificate from the State Insurance Department, that said society was, on the 25th day of July, 1895, duly authorized to transact business in this State "In conformity to the provisions, requirements and conditions" of said act of 1893.

Appellant thereupon moved to strike said additional record from the files. The decision of that motion was reserved until the final hearing of the cause, and must be first considered.

It appears by the original record that when the attorney for defendant below offered in evidence said certificate, the

attorney for plaintiff below objected to the admission thereof. The court overruled the objection, and directed that it be shown to counsel, and stated that the court had read it. (It will be borne in mind that the cause was being tried by the court without a jury.)

It also appears, from said additional record, that after appellant's brief had been filed in this court, and upon motion of appellees, the court below ordered that said certificate be filed *nunc pro tunc* as of the date of the trial of said cause. It was so filed, and appears in said additional record with said order of court. It is in effect and in fact an amendment of the certificate of evidence.

In Guertin v. Mombleau, 144 Ill. 32, 39, the Supreme Court says: "After the appeal in this case was perfected, appellee obtained leave of the Circuit Court to amend the bill of exceptions, and the same was amended accordingly, and on certiorari was sent up duly certified. Appellant moved in this court to strike such amended record from the files. This will not be done. It is evident that the deed * * * was before the court and considered. The original bill of exceptions shows that No. 24 of an abstract of title marked in pencil on margin 'IX,' being deed from Ambrose Allain to Alphonso Bondreau, conveying the disputed lands by quit-claim, was offered and admitted in evidence. This is the deed set out in the amended bill of exceptions, and shows the land conveyed. There was, we think, sufficient in the original bill of exceptions to authorize the amendment."

In Fame Insurance Co. v. Mann, 4 Ill. App. 485, 488, the court says: "The practice of amending bills of exceptions subsequent to the term at which they are signed and filed, on due notice to the opposite party, in order to correct errors or supply omissions therein, has been repeatedly sanctioned by the Supreme Court, and can not now be successfully called in question."

We are of the opinion that there was in the case at bar "sufficient in the original bill of exceptions to authorize the amendments."

That the action of the Circuit Court was but an amendment of the bill of exceptions, seems to be conceded by appellant's attorney, for one of the reasons he assigns in his motion to strike the additional record from the files is that " no notice to appellant's counsel of the amendment appears to have been given." The record does not show whether there was or was not such a notice given. We may therefore assume that all necessary notices were given. " Every intendment will be indulged in to sustain the action or judgment of the court below." Mullen v. The People ex rel., 138 Ill. 607.

The motion to strike the additional record from the files is denied.

The only brief or argument for appellant is that based upon the original record. No reply is made to the brief and arguments for appellees, which is based upon the original and amended record. We perceive no error as the case is now before this court, and as attorney for appellant can not point out any, or at least has not seen fit to attempt to do so, the judgment of the Circuit Court will be affirmed.