## Crawford v. Baker et al.

## (Two Cases).

(Decided October 31, 1930.)

HAWK & LEWIS for appellants.

J. L. HAYS and D. I. DAY for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

On November 9, 1920, C. R. Lutrell conveyed to Dr. B. B. Baker and his wife, Mallie Baker, jointly, a tract of land in Letcher county near Combs. On November 17, 1921, Dr. Baker conveyed to his wife, Mallie Baker, his undivided interest in the land. On May 16, 1922, certain creditors of the husband brought a suit against Dr. Baker and his wife to set aside a deed which he had made to her as fraudulent. While this action was pending in the year 1924, th land was cut up into lots and a lot sale had. On July 12, 1924, Mrs. Baker and her husband, by warranty deed, conveyed to N. C. Crawford three lots for $3,375 cash in hand paid. On the same day she and her husband conveyed with general warranty to E. L. Crawford, six lots for $3,370 cash in hand paid, and on July 30, 1924, she and her husband conveyed, with like warranty, to E. L. Crawford, six additional lots, for $1,080 cash in hand paid. The creditors' suit finally came on for hearing in the circuit court and was decided in favor of the Bakers. But on appeal the judgment was reversed and the deed held fraudulent as to the creditors of Dr. Baker. See Roberts, etc., v. Baker, 224 Ky. 414, 6 S. W. (2d) 474. On the return of the case to the circuit court judgment was entered pursuant to the mandate in favor of the creditors, setting aside the deed from the husband to the wife and adjudging a sale of the property for the creditors' debts. After this the Crawfords settled with the creditors and N. C. Crawford paid $1,190.28, E. L. Crawford $1,503.70, and each paid a proportion of the cost, thus discharging the lien upon their property. They then filed this suit against B. B. Baker and Mallie Baker upon the warranty. They filed answer, proof was taken, and on final hearing the court gave judgment against Dr. Baker, but dismissed the petition as to his wife, Mallie Baker. The plaintiffs appeal.

At common law a married woman being under the disability of coverture was not personally bound by her contracts, and so it was held that, when she signed a

deed jointly with her husband, she was not bound by the covenants of the deed. Falmouth Bridge Co. v. Tibbatts, 16 B. Mon. 637; Curd v. Dodds, 6 Bush 681; Bell v. Bair, 89 S. W. 732, 28 Ky. Law Rep. 614. The deed in the last case was made on November 25, 1885, and therefore the rights of the parties were determined by the law as it was then in force. After this, in 1894, the Legislature radically changed the law as to married women. The act in force since then contains these provisions:

"Marriage shall give to the husband, during the life of the wife, no estate or interest in the wife's property, real or personal, owned at the time or acquired after the marriage. During the existence of the marriage relation the wife shall hold and own all her estate to her separate and exclusive use, and free from debts, liabilities or control of her husband." Ky. Stats., sec. 2127.

"A married woman may take, acquire and hold property, real and personal, by gift, devise or descent, or by purchase, and she may, in her own name, as if she were unmarried, sell and dispose of her personal property. She may make contracts and sue and be sued, as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract; but she shall have the power and right to rent out her real estate, and collect, receive and recover in her own name the rents thereof, and make contracts for the improvement threeof." Ky. Stats., sec. 2128.

In Dobbin v. Cordiner, 41 Minn. 165, 42 N. W. 870, 871, 4 L. R. A. 333, 16 Am. St. Rep. 683, the court, having under consideration a similar statute, said:

"Our statutes have gone far to remove the common-law disabilities of married women. The property held by them at the time of their marriage continues to be their separate property after marriage. They may, during coverture, receive, hold, use, and enjoy property of all kinds, and the rents, issues and profits thereof, and all avails of their contracts and industry, free from the control of their husbands. They are capable of making contracts by parol or under seal. They are bound by their contracts, and

responsible for their torts, and their property is liable for their debts and torts to the same extent as if they were unmarried. Their power to contract, and to convey real estate, is, however, so far qualified that they cannot contract with their husbands, relative to the real estate of either, or by power of attorney, or otherwise authorize their husbands to convey their real estate or any interest therein; and, in general, in all conveyances by married women of their real estate, their husbands must join. Married women cannot enjoy these enlarged rights of action and of property and remain irresponsible for the ordinary legal and equitable results of their conduct."

In an extended note to Trimble v. State, 57 Am. St. Rep. 170, the rule is thus stated:

"Under statutes enabling a married woman to contract, her warranty deed is generally binding, by way of estoppel, upon her and her subsequent grantees to the same extent as if she were unmarried; Knight v. Thayer, 125 Mass. 25'; Littell v. Hoagland, 10 Ind. 320 (6 N. E. 645). Thus where a married woman joins her husband in a conveyance of land which purports to convey the entire estate therein she is estopped from subsequently setting up any title to such lands existing at the time of the conveyance or subsequently acquired; King v. Rae, 56 Ind. 1; Guertin v. Mombleau, 144 Ill. 32 (33 N. E. 49)." To same effect, see 13 R. C. L., p. 1326, sec. 363; 30 C. J. p. 939, sec. 656, and cases cited.

It is well settled that, where land is conveyed with general warranty, the grantor is estopped by his warranty to set up an after-acquired title. Perkins v. Coleman, 90 Ky. 611, 14 S. W. 640, 12 Ky. Law Rep. 501; Creekmore v. Bryant, 158 Ky. 166, 164 S. W. 337. To hold that the general warranty of the wife is effective for this purpose is in effect to hold that she is bound by the covenant. The court is clearly of the opinion that under the present statute a married woman who sells and conveys her land, with general warranty, is responsible on the warranty just as other people. Were the rule otherwise married women might not be able to sell their property at full price; for most persons buying property wish a general warranty of title. The plain

purpose of the statute was to free married women from the common-law disabilities; to give them power to contract with reference to their property as other people and to make them liable on their contracts as other people. .

It is earnestly insisted that a different rule should apply here because the deed from the husband to the wife was held fraudulent. But it was only held fraudulent as to the creditors and was only invalid as to them. As to the wife and the rest of the world, it was a valid deed. She held the title to the property at the time she sold it to appellants and made them a general warranty deed to it. Her name appears first in the deed as one of the grantors. Her liability was created then, although the right of action on the warranty did not accrue until there was a judgment to sell the land to make the debts of the creditors. Benge v. Bowling, 106 Ky. 575, 51 S. W. 151, 21 Ky. Law Rep. 165; Miracle v. Purciful, 178 Ky. 212, 198 S. W. 753.

It is also insisted for her that no proper lis pendens notice was given, and that therefore there was no judgment in the former action which affected the Crawfords as purchasers of the property. The lis pendens notice was duly filed; it set out properly the style of the action and properly described the property in controversy, but Mrs. Baker was not named in it as the owner of the land sought to be subjected; but, though the notice was insufficient (a question not decided), it does not follow that appellants are not entitled to relief.

> "It is well established in this state that an action for breach of the covenants of warranty in a deed cannot be maintained until there has been an eviction of the vendee, unless the vendor is insolvent or a nonresident, or has been guilty of fraud in the transaction." Harper v. Wilson, 223 Ky. 392, 3 S. W. (2d) 769, 770, and cases cited.

The exception where the vendor has been guilty of fraud in the transaction is well settled. Campbell v. Whittingham, 5 J. J. Marsh. 96, 20 Am. Dec. 241; Upshaw v. Debow, 7 Bush 442. In these cases the fraud stood admitted under the pleadings. The plaintiff's petition contained these averments:

> "But the plaintiff says that the said Mallie Baker and Boyd Baker falsely and fraudulently rep-

resented to this plaintiff at said lot sale, and falsely and fraudulently caused their representative to represent to this plaintiff at the lot sale, that there were no encumbrances against said property and that the same was free of all liens of every kind.''

The answer to this was in these words:

"Denies that she or her co-defendant, Boyd Baker, falsely and fraudulently caused their representative to represent to this plaintiff at said lot sale that there were no encumbrances against said property and that same was free of all liens of every kind.''

It will be observed that there was no denial of the allegation that Mallie Baker and Boyd Baker falsely and fraudulently made the representations referred to. It was denied that either of them falsely and fraudulently caused their representative to make the representations, but the denial that they did this falsely and fraudulently is not a denial that they did this. It stands admitted that the lots were sold at a public sale, and that a warranty deed was made to the purchaser. It stands admitted that when this was done the creditors had a lien on the property by reason of the suit they had brought, and that Mrs. Baker and her husband well knew this. It is shown that the purchasers accepted the property and paid for it without notice of the lien. If the admitted allegations of the petition are true, the vendor was guilty of fraud in the transaction, and the purchaser was entitled to relief without an eviction. The relief given repaired the wrong and no injustice was done Mrs. Baker.

It is the well-settled rule that, where a creditor has acquired a lien on the property and the defendant sells the property, putting it out of the reach of the creditor, the latter may follow the proceeds of the property in the hands of the defendant and subject the proceeds to his debt. 37 C. J. p. 342, sec. 67. No injustice therefore will be done Mrs. Baker by a judgment in favor of the plaintiffs for the amounts they paid, which were less than the amounts for which she was liable to the creditors.

When the judgment was entered in the creditors' action to sell the land for the debts therein asserted, this

judgment determined the rights of the parties and was final. It is not material here that notice of the filing of the mandate of this court was not given her. If such notice was not given her, then the case did not stand for trial at that term; but if judgment was entered before the case stood for trial, this was only a clerical misprision and could only be corrected on motion made within the first three days of the next term. Civil Code of Practice, secs. 761, 517, 519. This was not done, and so the validity of the judgment is not now affected.

Judgment reversed, and cause remanded for a judgment as above indicated.