JUDGE HARDIN
delivered the opinion op the court:
On the 30th day of August, 1856, C. G. Land and wife conveyed to D. S. Trumbo a tract of about twenty-six acres of land, for the consideration of two thousand dollars — the deed reciting the payment of one thousand dollars thereof, and the execution of two notes by Trumbo to Land, of five hundred dollars each, for the residue.
Land, having made an assignment to D. S. Lockridge in trust for the payment of his debts, this suit was brought *416 in 1866 in the names of Land and Lookridge, as his trustee, for the recovery of one of said notes, and an enforcement of a lien on the land for its payment.
The defendant, by his answer, admitted the execution and non-payment of the note, and that it was given for part of the price of the land, but resisted any recovery thereon, on the alleged grounds that said C. G. Land, who was bound by his warranty of title in the deed, was insolvent, and that the title to the land was defective, and was known to be so by Land when he sold the land to the defendant; the land being embraced by a conveyance to Land from the executors of Samuel D. Baird, deceased, who derived his claim by an imperfect and defective conveyance from Samuel Chew’s heirs, some of whom were entitled to recover a portion of the land. The answer suggests the names of Chew’s heirs and their respective interests in the land, and prays the court to-compel the plaintiffs to perfect the title before adjudging payment of the debt in controversy; and for that purpose it is made a cross-petition against the plaintiffs, but not against Chew’s heirs, nor does the defendant seek a rescission of the contract.
The cross-petition was substantially controverted by a reply filed by Lookridge.
A trial of the cause resulted in a judgment for the plaintiff, from which this appeal is prosecuted. The pleadings present no sufficient issue of mistake or fraud in the execution of the contract, nor is there evidence of either to entitle the appellant to relief on that ground; and he not onty failed to ask a rescission of the contract, but elected of record to retain the title; but the only substantial relief sought was, that the court would, in effect, enjoin the payment of the note in controversjr until the plaintiff should perfect the title. i
*417 It is well-settled, as a general rule, that a purchaser who has received a conveyance, and has thereby acquired a sufficient legal remedy by proceeding on the vendor’s warranty, whenever evicted, cannot resist the payment of a balance of the purchase money on the ground of defects in the title, although, as correctly said by this court in Simpson, &c., vs. Hawkins, &c. (1 Dana, 303), if the warranty of title has been broken so as to entitle the vendee to damages, or if the vendee be entitled to damages upon a covenant of seizin, he may apply to the chancellor, where the vendor is insolvent, to set-off those damages against the unpaid purchase money. It is said, “ that the ground upon which the chancellor interferes in such cases is the prevention of the irreparable mischief which otherwise might result from the insolvency.”
Waiving the objection, that in this case no distinct claim of damages is asserted as a set-off to the ¿note, the evidence, although conflicting as to the alleged insolvency of Land, fails, as we think, -to sufficiently-establish that fact, which, in any aspect of the case, is essentially necessary to entitle the appellant to- any equitable relief in this case.
It is true the deed of assignment to Lockridge authorizes the inference that Land vims insolvent at the time it was made, but that was before the deed of Land and wife to the appellant was made and adopted, and nearly ten years before this suit was brought; and the appellant has failed to show that, since he accepted Land’s deed,' and apparently elected to rely on the warranty therein, Land’s pecuniary circumstances have so changed as to increase the reasons which then existed for. doubting his-solvency and responsibility on his warranty.
Wherefore, the judgment is affirmed.