*Boon, for appellant.*

---

## JOHN FENNESSEY *v.* EDWD. F. ABBOTT.

**Covenant—Seizure—Warranty—Deeds.**

> A deed reading, "covenanting with the grantee, his heirs and assigns, that the title so conveyed is clear, free and unincumbered," and "that he will warrant and defend the same against all legal claims whatsoever," held, to mean first, a covenant of seizure, and the second, a covenant of general warranty.

**Same—Breach of Covenant of Seizen—Damages.**

> An allegation and proof that one half the land so conveyed belonged to a third party, and that this title was not in the vendor at the date of the conveyance, was at once a breach of the covenant of seizen, and damages for that part could be recovered.

**Same—Criterion of Damages.**

> The criterion of damages would be the one-half of the amount paid for the lot, with interest, the taxes paid on the property, and expenses of recording.

**Same—Equity—Rescission.**

> A rescission under such a deed could only be asked for in an equitable action, and not in a suit at law for damages.

APPEAL FROM KENTON CIRCUIT COURT.

January 19, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

The claims setting out the covenants as to title contained in the deed from Fennessey to Abbott is in these words:

"To have and to hold the same to the said Abbott, his heirs and assigns forever the grantor, his heirs, executors and administrators hereby covenanting with the grantee, his heirs and assigns, that the title so conveyed is clear, free and unencumbered, and that he will warrant and defend the same against all legal claims whatsoever."

We are inclined to the opinion that this clause embraces two distinct covenants; the first a covenant of seizin and the other an ordinary covenant of general warranty.

To constitute a breach of the latter there must be an eviction of the grantee by a paramount title, but the covenant of seizin was broken at once if the title conveyed was not "clear, free and unencumbered."

Appellee, in his petition alleges that an undivided one-half of the lot conveyed belongs to one Hattie Powell and that the title thereto was not in the appellant at the time the conveyance was made.

If such be the case, the covenant of seizin was broken at once, and the appellee had the right to recover the actual damages sustained by reason of the defect in the title conveyed to him so far as the interest owned by Miss Powell is concerned.

To recover damages this action at law was instituted, and with the petition the appellee tendered a deed to appellant conveying the entire lot back to him.

Upon hearing the circuit judge to whom the law and facts of the case were submitted rendered judgment against appellant for the sum of $997, with interest from the date thereof. It appears from the face of the judgment that this amount comprised the original consideration paid for the entire lot ($750) with interest, and the taxes paid on the lot by appellee while in his possession.

Appellee fixed as the measure of his damages the consideration paid for the lot with interest, and the taxes paid on the property, and expenses incurred in stamping and recording the conveyances. The circuit judge did not err to his prejudice in accepting this as the criterion of recovery, but did err in adjudging to him in this action, the entire purchase price, interest,

expenses and taxes. His title being defective as to one-half of the property, and perfect as to the remainder, he should only recover damages for that portion to which his title is not "clear and unencumbered," in an action at law for a breach of the covenant of seizin. According to the standard of recovery fixed by him in his petition his judgment is for double as much as it should have been.

If he desires to rescind the contract of sale he must resort to his appropriate action in equity. A rescission can not be had in such a proceeding as this. The circuit court could not compel the appellant to accept the conveyance tendered him with appellee's petition and did not attempt to do so. It does not appear that appellant did accept the tendered conveyance, and it may be possible, that when the proper proceedings for a rescission of the contract are instituted that he will be able to show that he should not be compelled to refund the consideration in money.

For these reasons the judgment is reversed and the cause remanded for further proceedings consistent with the principles herein expressed.

*R. Richardson, for appellant.*
*Benton, for appellee.*