D. R. Burbanks, Jr., Adm'r., *v.* D. R. Burbanks, Sr., Adm'r.

**Purchase of Real Estate—False Representations to Induce One to Buy—Warranty—Judgment.**

When a vendor of real estate, to induce one to buy, states that he will purchase an adjoining lot and protect the building sold from being obstructed by the erection of other buildings, such statement is not a false representation as to an existing fact, but a mere promise not incorporated in the deed and does not entitle the vendee to a rescission of contract.

**Warranty.**

One cannot recover for breach of covenants of warranty until he is disturbed or the covenants are broken.

**Form of Judgment.**

A judgment is invalid when it provides that plaintiff shall recover principal and interest "in gold coin or its equivalent in legal tender notes," but fails to determine what constitutes such notes.

APPEAL FROM HENDERSON CIRCUIT COURT.

October 2, 1874.

Opinion by Judge Lindsay:

It is insisted that the answer, together with the amendment offered, presented a state of case requiring either a recission of the contract or an abatement from the purchase money due.

A conveyance had been accepted. There is no such state of facts alleged as would authorize the chancellor to rescind an executed contract upon the ground of fraudulent misrepresentations at the time of the sale and conveyance. The amendment is that the plaintiff's intestate induced D. R. Burbanks, Jr., to make the purchase, by fraudulently representing to him that he would purchase a portion of Holloway's lot, and thereby complete the title to the party wall, and protect the building from being obstructed by the erection of other buildings on said adjoining lot, and that he had failed to keep and perform this agreement. This was not a fraudulent

8

and false representation as to an existing fact, but a mere promise or undertaking to do that which was necessary to perfect the title. The purchaser was then about to accept. Besides this, it was an oral agreement not incorporated in the deed, and therefore not to' be treated as part of the contract.

It appears that the purchaser was fully apprised of the defects of title as to the party wall, and of the fact that the vendor did not own the original lot; and yet, with a knowledge of these facts, he accepted the conveyance. He must, therefore, be held to have accepted the covenants of warranty as sufficient guarantees of title and possession. The covenant has not as yet been broken. The widow of Burbank, senior, has asserted no claim to dower. There is no averment of insolvency of the vendor's estate, nor that his heirs and distributees are insolvent, or now residents of this commonwealth, nor that the distribution of the personalty and the partition of the realty, left by the vendors among his distributees and heirs, will in any way impair the guarantee of title and possession contained in the general and special covenants of warranty set out in the deed. Under such a state of case the chancellor cannot interfere.

The alleged oral agreement to purchase and hold the adjoining lot cannot be enforced, because the parties failed to incorporate it into the written evidences of what the contract of sale was. The court, therefore, did not err in refusing to allow the amended petition to be filed, nor in rendering judgment, notwithstanding the facts set up in the original answer.

The form of the judgment, however, is fatally defective. It provides, as it should, that appellee shall recover the amount of his note, principal and interest, in gold coin or its equivalent in legal tender notes, but it fails to determine what constitutes the equivalent in legal tender notes of the amount of the gold coin due. As the judgment now stands, when the sheriff goes to collect the execution that may have issued upon it, or the commissioner to sell the house and lot, it will be necessary to judicially determine what number of dollars in legal tender notes will equal the amount thus due in gold coin.

This is not a matter of calculation. It is necessary, before the calculation can be made, to determine as matter of fact the discount upon legal tender notes, or the premium upon gold. Of course a question like this cannot be left to the judgment of a ministerial officer. The court should have ascertained the relative value of gold

and legal tender notes at the time of the payment, and have then adjudged that the judgment for gold coin might be discharged by the payment of a fixed sum in legal tender notes, bearing interest in legal tender notes, the interest running from that day. Wherefore the judgment is *reversed* and the cause remanded for a judgment conformable to this opinion.

*Clay & Coleman, for appellant.*
*Vance & Merritt, for appellee.*