CASE 46—RESCISSION—OCTOBER 16, 1884.

# English v. Thomasson.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. In the absence of fraud, or insolvency, or non-residency, a vendee, in the peaceable possession of land by virtue of a conveyance containing a covenant of general warranty, is not entitled to a rescission when sued for purchase money, although the vendor may have represented the title to be good, when in fact it was not.

2. The vendee must rely upon the covenant of general warranty, having accepted the deed.

3. A mere mistake, or error of opinion as to his title, will not constitute fraud on the part of the vendor.

TEMPLE BODLEY AND J. S. O'NEAL FOR APPELLANT.

1. It is an elementary rule that every man is presumed to know the origin of his own title.

2. It is absolutely clear that appellee's title is not what he represented it to be. It is equally clear that the lot conveyed is partly in a public street when conveyed to appellant, and, therefore, the title conveyed is defective. (Civil Code, section 126, subsection 7, section 113; 9 Bush, 65; Wickliffe v. Lexington, 11 B. Mon.; 2 Bibb, 566; Buford Case, 14 Bush, 690; Bibb v. Prather. Sneed Rep., 137; Story's Eq., 193; Foard v. McComb, 12 Bush, 726; Vaughan v. Myers, 2 Dana, 113; L. R., 8 Ch., 118; Ib., 4 Ch., 100: 5 W. & S., 483; 2 Barr, 122.)

MIX & ROGERS FOR APPELLEE.

1. Appellant can not have the contract rescinded under the facts on the record. The contract is executed, and appellant is in peaceble possession.

2. Neither fraud, nor insolvency, nor non-residency is shown.

3. That appellee fully believed his title was good is abundantly shown. (Simpson v. Hawkins, 1 Dana, 303; 6 Mon., 225; 4 Bush, 415; 7 Ib,. 442; 5 J. J. Mar., 100; 2 Dana, 275; 1 Met., 216; 9 Bush, 61; 9 Howard, U. S., 31; 6 Vt., 355; 24 Iowa, 283; 16 B. Mon., 131; 15 Ib., 506; 2 Duv., 156; 3 J. J. M., 540; 14 Bush, 674; 40 Iowa, 652; 66 Mo., 356; 7 Howard, 159; 1 Johnson Ch'y, 213; 2 Ib., 519; 5 Ib., 79; 11 Ill., 328; 49 Ind., 116; 51 Ga., 594; 47 Miss., 641; 3 J. J. M., 426; Ib., 671; 15 B. Mon., 626; 1 Story's Eq., sections 190 and 200; Civil Code, section 96.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

On April 6, 1874, the appellee, Thomasson, sold to the

appellant, English, a lot of land in the city of Louisville for $700, payable in four equal payments, and in one, two, three and four years from the date of the sale.

The deed, which was then made and accepted by English, retained a lien for the payment of the purchase money, and also contained a covenant of general warranty as to the title.

The vendee has been in the undisturbed possession of the lot since his purchase; and, having failed to pay for it, Thomasson brought this action against him, seeking to recover a personal judgment, and to enforce the lien.

The defense is that the appellee, at the time of the purchase, fraudulently and falsely represented to the appellant that he had a perfect title to the land, when in fact it was defective as to a part of the lot; that a considerable portion of it is, and was, at the time of appellant's purchase, a part of one of the streets of the city of Louisville, and did not belong to the appellee.

The relief asked by the defendant is a judgment for the value of his improvements, which he pleads as a counter-claim, and a rescission of the contract of purchase.

The testimony shows clearly that when the sale was made, the appellee did represent to the appellant that he had a good title to the land, but it also clearly appears from it that he did so innocently, and believing that the statement was true.

The question presented, therefore, is whether a representation as to the title, made by the vendor to the vendee at the time of the sale, which the former believes to be true, but which is, in fact, untrue, will

authorize the rescission of the contract, if it has been executed by the acceptance by the vendee of a recorded conveyance containing a covenant of general warranty as to the title, and where there has been no eviction, and no ground for equitable interference, such as insolvency or non-residence of the grantor, exists.

We think not ; and our conclusion renders it unnecessary to consider any other question in the case. We do not mean to give any opinion by what is above stated, or to intimate whether the title of Thomasson was or was not in fact defective ; but, admitting for argument sake that it was, yet the defendant is not entitled to the relief asked by him upon the mere ground that this was so, and that the appellee represented differently.

It is insisted by the counsel for the appellant that this is an unsettled question in this State ; and that the general rule elsewhere is that the falsity of the representation is sufficient, although innocently made.

A careful review, however, of the authorities has satisfied us that in this State the question is not an open or doubtful one.

It has been repeatedly held by this court that in the absence of fraud or insolvency or non-residence of the vendor, that a vendee in the peaceable possession of the granted premises by virtue of a conveyance containing a covenant of general warranty, is not entitled to a rescission of the contract when sued for the purchase money, although the vendor may, at the time of the sale, have represented his title as perfect, when in fact it was not ; and that in such a case the vendee must pay the money, and rely upon the covenant of warranty

in case of an eviction. (3 A. K. Marshall, 1173, Miller v. Long; 3 J. J. Marshall, 538, Gale v. Commonwealth; 5 J. J. Marshall, 96, Campbell v. Whittingham; 1 Dana, 303, Simpson, &c., v. Hawkins, &c.; 2 Dana, 276, Taylor v. Lyon; 2 Duvall, 182, Duvall v. Parker; 4 Bush, 415, Trumbo v. Lockridge; 7 Bush, 442, Upshaw, &c., v. Debow.)

In the case of Simpson, &c., v. Hawkins, &c., *supra*, the court said:

"Indeed, where contracts are executed by conveyances, we are of the opinion that there can be no rescission of a contract in any case, unless it has been tainted by actual fraud. If the warranty of title has been broken so as to entitle the vendee to damages, or if the vendee be entitled to damages upon a covenant of seizin, he may apply to the Chancellor, where the vendor is insolvent, to set off those damages against the unpaid portion of the purchase money. The ground upon which the Chancellor interferes in such cases, is the prevention of the irreparable mischief which might result from the insolvency. He ought not to act upon the principle of rescinding the contract. On the contrary, he should affirm the contract and secure to the party such damages as he might be entitled to for a partial or total violation thereof by the obligor. If a deed of conveyance be executed for any quantity of land, and the vendee is put into possession thereafter, in case he loses half or three-fourths of the land, the law only authorizes a recovery upon the warranty of damages commensurate with the loss. The Chancellor must follow the law and not lay hold of such a partial loss, and require the vendor to take back the portion of the land saved and

·return the purchase money for that under the idea of *·rescinding contracts."*

The case of Buford's adm'r, &c., v. Guthrie, &c., when properly considered, is to the same effect. In its ·opinion, the court said: "Where contracts have been fully executed there can be no rescission unless there has been actual fraud; and an innocent misrepresenta-·tion as to the state of the title is not such fraud as will warrant a rescission."

Citations from other decisions of this court are need-·less because, aside from the *dicta* found in some of them, they all point the same way.

It is true that Justice Story says: "Whether the party thus misrepresenting a material fact knew it to ·be false, or made the assertion without knowing whether it were true or false, is wholly immaterial; for the ·affirmation of what one does not know or believe to be true is, equally, in morals and law, as unjustifiable as the affirmation of what is known to be false. And even if the party innocently misrepresents a material fact by mistake, it is equally conclusive, for it operates as a surprise and imposition upon the other party." (1 Story's ·Eq. Juris., section 193.)

The distinguished author doubtless did not intend to, nor does his statement, in our opinion, apply to a case ·of innocent misrepresentation by a party as to the state of his title where the vendor is not insolvent or a nonresident, and the vendee is in quiet possession, and has chosen to provide for his protection by a warranty ·of the title; and in the light of the numerous decisions ·cited, we could not so hold, even if supported by such ·eminent authority.

In this case it is not shown, even inferentially, by the testimony, that the appellee believed his title was defective. He had paid for the land, and held it under a deed from one Henderson; and if he believed that his representation as to the title was true, then there was no actual fraud, as the *malus animus*, essential to it, did not exist.

A mere mistake, or error of opinion, as to the validity of his title would not constitute fraud. The warranty, which the appellant chose to accept, was designed to protect him against such a representation, and is effective for that purpose; and he must await an eviction, if it should ever occur, and then look to his remedy at law upon the covenant in his deed.

The appellant has now been in quiet possession of the property for years under an *executed* deed, containing a covenant of warranty as to the title. The appellee is neither a non-resident or insolvent; the appellant is not even threatened with a disturbance of his possession; no fraud was connected with the sale to him, and no covenant of the contract has been broken.

Under such circumstances it would open too wide a door, and be dangerous in principle, if this court should undertake to pass upon any outstanding claims or titles, which the claimants are not even asserting, and grant to the vendee, who is now in repose and even ultimately secure, perhaps, in his purchase, a rescission of the contract.

Judgment affirmed.