## Towels, et al. v. Campbell, et al.

(Decided September 30, 1924.)

### Appeal from Scott Circuit Court.

1. Covenants—Matters Constituting Breach of Covenant of Warranty. Stated.—Vendee of land by conveyance containing covenant of general warranty has no recourse against vendor until there has

been an eviction by paramount title or vendor is insolvent or nonresident.

2.  Vendor and Purchaser—Vendee in Possession May Not Rescind for Misrepresentation as to Perfect Title in Absence of Fraud.— Although vendor may represent his title as perfect when in fact it is not, in absence of actual fraud vendee in peaceable possession of premises under deed with covenant of general warranty is not entitled to rescission of contract, and constructive fraud is not sufficient.

3.  Fraud—Knowledge and Intent Essential—Representation to amount to actual fraud must be made with knowledge of its falsity and with intention to deceive.

4.  Vendor and Purchaser—Petition for Cancellation of Deed on Ground of Misrepresentation as to Title Held Fatally Defective.— A petition by vendee in possession under warranty deed for rescission on ground of misrepresentations as to title must aver facts showing vendor's knowledge of falsity of his representation.

BRADLEY & BRADLEY and J. W. CAMMACK for appellants

FORD & FORD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

In 1918, appellant Towels bought of appellee Campbell a tract of 190 acres of land at the price of $12,000.00, of which sum $8,500.00 was paid in cash and the balance was represented by a lien note. Soon thereafter Towels took possession of the land and occupied it as a home. He made valuable improvements thereon and continued to use and occupy the place until May, 1922, when he commenced this action against Campbell for a cancellation of the deed and of the outstanding purchase money note for $3,500.00, on the ground the title was defective, and praying that appellee Campbell be ordered to repay to the appellants several different sums of money paid as a part of the purchase price of land, with interest thereon, and the further sum of $5,000.00 damages.

Appellant was not evicted from the land and is now, so far as the record shows, in possession thereof, holding and enjoying the same. Neither does the petition aver that appellee Campbell is insolvent or a nonresident of the state of Kentucky, or any of the grounds which justify

a rescission of such contract, unless the following aver-
ment amounts to that:

"He says that in addition to the 'general war-
ranty' of title contained in said deed, before and at
the time of the execution and delivery of same,
and for the purpose of inducing this plaintiff to ac-
cept said deed and pay the consideration there-
for, the defendant represented to the plaintiff and
assured plaintiff that the title to the said tract
of land and all of same was a good fee simple
title and that he, the defendant, owned a good fee
simple title therein, and represented and assured
this plaintiff that he knew personally that the title
which he had in said land was a good fee simple
title, and relying on said representation and as-
surance on the part of said defendant and believing
same to be true the plaintiff did accept said deed,
and pay the consideration therefor, when in truth
and in fact said title was not good, was not a
fee simple but was defective as hereinafter set out,
and he says that but for such representations and as-
surances on the part of the defendant which were
untrue, plaintiff would not have accepted said deed
or have paid said consideration or have placed im-
provements on said land as above set out.

"Plaintiff says that, as stated above, the title of
the said defendant to said land at the date of said
deed and now was and is defective and not a fee
simple title, said defect being as follows: Defendant
Jesse Campbell obtained title thereto from John
Payne and William Payne by deed of date 21st day
of February, 1914, and recorded in book 43, page 580,
in the office of the Scott county clerk, copy of which
deed is filed herewith. He says that previous to the
date of said conveyance from the said Payne to the
defendant Campbell, John Payne by deed of date the
3rd day of January, 1913, and recorded in deed book
43, page 294, in the Scott county clerk's office, con-
veyed said tract of land to Mrs. Carrie Payne Can-
trill, deeding her his undivided one-half interest upon
the following trust:

" 'That she should reconvey same to John Payne
for life with remainder to his children, if any, but if
he should die without leaving children then to Wil-
liam Payne, his brother, for life with remainder to

his children, if any, and if he should die without leaving children then to the children of Mrs. Carrie Payne.'

"He further says that carrying out said trust Mrs. Cantrill and her husband, J. C. Cantrill, did reconvey said property to the said John Payne for life with the remainders over as above set out, said deed being also of date 3rd of January, 1913, and recorded in deed book 43, page 295; copies of both this deed and the one from Payne to Cantrill are filed herewith.

"Plaintiff says that John Payne, the grantor, of the defendant, by reason of the aforesaid deeds at the time he made the deed to defendant had only a life estate in an undivided one-half of the entire tract and that by the conveyance from the said two Paynes to the said Campbell he only obtained a fee simple in one-half of said land and an estate for the life of John Payne in the other undivided one-half, with remainders in this one-half in the various remaindermen as set out in said deed; and he says that by the deed from the defendant herein to this plaintiff this plaintiff only receives the same interest in said land and not a fee simple title therein as warranted and as represented."

The trial court sustained the general demurrer to the petition of appellant with leave to amend. Thereupon appellant filed an amended petition wherein he averred in substance that he had tried to sell the tract of land but owing to the defect in the title set up in his original petition, no one would purchase the same, and further alleged he had attempted to obtain a loan from the federal loan bank on the land, but this was refused because of defective title. The demurrer was then interposed to the petition as amended and again sustained. The appellant declined to further plead and his petition was dismissed, and he appeals.

It is a well settled principle that a vendee of land by conveyance containing a covenant of general warranty has no recourse against the vendor until there has been an eviction by paramount title, or the vendor is insolvent or a nonresident. Walker v. Robinson, 163 Ky. 618; Hunter v. Keightley, et al., 184 Ky. 835. This rule has been recognized by this court in a long line of cases.

"In order to constitute a breach of covenant of warranty the title or right to which a covenant yields

must be, not only paramount to his own, but also paramount to that of any one else; and the paramount title must have been in existence at the date the warranty was made.

"To constitute a breach of warranty there must be an eviction or equivalent disturbance by title paramount unless there was an entire want of title in the grantor 'or unless he had only an equitable title with right to legal title.' 15 C. J. 1287; Walker v. Robinson, 163 Ky. 618; Grant v. McArthur, 153 Ky. 356; Simpson v. Hawkins, 1 Dana 303; Fowler v. Chiles, 4 J. J. Marsh. 504; Booker v. Meriwether, 4 Litt. 212; Arnold v. Maiden, 10 Ky. Op. 288; Burbank v. Burbank, 8 Ky. Op. 113; Fennessey v. Abbott, 4 Ky. Op. 469."

We have also held, and it is the general rule, that although a vendor may represent his title as perfect when in fact it is not, in the absence of actual fraud a vendee, in peaceable possession of the granted premises, under a deed with covenant of general warranty, is not entitled to rescission of the contract. Simpson v. Hawkins, 1 Dana 276.

In the recent case of Hughes v. Collins, 197 Ky. 589, we said:

"If it were true that the title conveyed by plaintiffs was imperfect, then this court has held in numerous cases that defendant holding by warranty deed and in peaceable possession may not defend this character of action therefor unless plaintiff was either insolvent, a nonresident of the state, or was guilty of fraud in the transaction, which latter should relate to the title about which complaint is made, and *it must be active and not mere passive fraud.*"

Appellant insists, however, that the averments of the petition show that appellee Campbell was guilty of actual fraud in bringing about the conveyance of land to appellant. Constructive fraud is not sufficient to warrant the cancellation of a deed, but actual fraud is necessary, and it is defined to be an evil purpose, an intention to deceive, an ulterior motive or bad faith. In every case representation to amount to actual fraud must be made with knowledge of its falsity and with the design and intention to deceive. Livermore v. Middlesboro Town Lands Co., 106 Ky. 140; Chicago Bldg. & Mfg. Co. v. Beaven, 149 Ky. 267; Taylor v. Mullins, 151 Ky. 597; Bewley v. Moremen,

162 Ky. 32; Anheuser-Busch Assn. v. Davis C. Distilling Co., 20 R. 1522; Shipp v. Commonwealth, 101 Ky. 518.

A petition which does not aver facts showing that the vendor had knowledge of the falsity of his representation and which does not charge him with such knowledge and thus impute to him the essential and definite elements of actual fraud, is fatally defective.

Representation as to the title made by the vendor to the vendee at the time of the sale, which representation the vendor believed to be true but which is in fact untrue, will not authorize a rescission of a contract.

In the case of English v. Thomasson, 82 Ky. 280, the court said:

> "The question presented, therefore, is whether a representation as to the title, made by the vendor to the vendee at the time of the sale, which the former believes to be true, but which is, in fact, untrue, will authorize the rescission of the contract, if it has been executed by the acceptance by the vendee of a recorded conveyance containing a covenant of general warranty as to the title, and where there has been no eviction and no ground for equitable interference such as insolvency or nonresidence of the grantor, exists.
>
> "We think not; and our conclusion renders it unnecessary to consider any other question in the case. We do not mean to give any opinion by what is above stated, or to intimate whether the title of Thomasson was or was not in fact defective; but, admitting for argument's sake that it was, yet the defendant is not entitled to the relief asked by him upon the mere ground that this was so, and that the appellee represented differently.
>
> "It is insisted by the counsel for the appellant that this is an unsettled question in this state, and that the general rule elsewhere is that the falsity of the representation is sufficient, although innocently made."

Continuing, the same opinion says:

> "A mere mistake, or error of opinion, as to the validity of his title would not constitute fraud. The warranty, which the appellant chose to accept, was designed to protect him against such a representation, and is effective for that purpose; and he must

await an eviction, if it should ever occur, and then look to his remedy at law upon the covenant in his deed.

"The appellant has now been in quiet possession of the property for years under an executed deed, containing a covenant of warranty as to the title. The appellee is neither a nonresident nor insolvent; the appellant is not even threatened with a disturbance of his possession; no fraud was connected with the sale to him, and no covenant of the contract has been broken.

"Under such circumstances it would open too wide a door, and be dangerous in principle, if this court should undertake to pass upon any outstanding claims or titles, which the claimants are not even asserting, and grant to the vendee who is now in repose and even ultimately secure, perhaps, in his purchase, a rescission of the contract."

The facts in the case of Buford, Admr. v. Guthrie, 14 Ky. 697, are in some particulars like those in the case at bar, and we said:

"But it is claimed that in consequence of the defects in the title the vendee was unable to sell or mortgage the land to raise money to complete her payments, and that not having the money she has been unable to pay for it and it has fallen in price and has ultimately been entirely lost to her and her devisees, and that a rescission ought to be decreed on account of the peculiar hardship of the case. As said in the former opinion, there is no evidence that the vendor was guilty of any actual wrong in representing his title to be good. The parties were equally innocent, and if we decree a rescission it will require the whole land, and according to the appellant's estimate of its present value, it will be insufficient to repay the purchase price, and in that case the land would be entirely lost to the vendors; so that, if this court was at liberty to decide the case in the way that would produce the least hardship, we should find the task far from an easy one.

"That the vendee was without the means of paying for the land without selling or mortgaging and was unable to raise it in that way on account of the defects in the title, certainly furnishes no ground for rescinding the contract; that question must be de-

termined from the nature of the defects in the title and the conduct of the vendor in the transaction, and not by the financial condition of the vendee. If this were not so, then the right to a rescission would depend upon the question whether the vendee was rich or poor.''

Without overturning a long line of cases we must hold that appellant can not maintain the present action because he is in peaceable possession of the land, the vendor is solvent and a resident of the state and the petition does not allege facts which we regard as showing actual fraud. The demurrer to the petition as amended was therefore properly sustained and the judgment is affirmed.

Judgment affirmed.