## Sellards v. Ward, et al.

(Decided May 22, 1923.)

### Appeal from Johnson Circuit Court.

Vendor and Purchaser—Purchaser in Undisputed Possession Under Warranty Deed Cannot Rescind for Defects in Title.—A purchaser in the peaceable possession of the granted premises by virtue of a conveyance containing a covenant of general warranty cannot rescind the contract on the mere ground of a defective title, in the absence of fraud, insolvency, or non-residence of his vendor.

W. H. VAUGHAN & SON for appellant.

W. J. WARD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the month of December, 1920, W. J. Ward, acting as agent for his son, Hebert Ward, sold to Floyd W. Sellards a house and lot located in Johnson county. The purchase price was $1,250.00, of which $400.00 was to be paid in cash, and two notes executed for the balance. By deed dated December 25, 1920, and acknowledged Janu-

ary 1, 1921, Hebert Ward and his wife conveyed the property to Sellards, at which time the cash consideration was paid, and two notes for $425.00 each, one payable twelve months from date and the other eighteen months from date, were executed and delivered by the purchaser to Hebert Ward. Sellards then took possession of the property and that possession has never been disturbed.

Sellards brought this suit for a rescission on the ground that he did not get a good title to the property, because Malta Mae Ward, the wife of the grantor, was an infant at the time she signed and acknowledged the deed, and therefore her potential right of dower did not pass by the conveyance. The Wards denied the allegations of the petition and asked judgment for one of the notes which had become due. On final hearing judgment was rendered dismissing the petition and awarding Ward a lien on the property to secure the payment of the past due note. Sellards appeals.

It has long been the settled rule in this state that, in the absence of the fraud, insolvency or non-residence of the vendor, a vendee in the peaceable possession of the granted premises, by virtue of a conveyance containing a covenant of general warranty, is not entitled to a rescission of the contract on the mere ground of defective title. English v. Thomasson, 82 Ky. 280; Bryant v. Green, 193 Ky. 139, 235 S. W. 10; Goatley, et al. v. Harmon, et al., 197 Ky. 669, 248 S. W. 212. Here appellant is in the peaceable possession of the property under a general warranty deed. It was not made to appear that the vendor was either insolvent or a non-resident, or that he or his agent was guilty of actual fraud. It follows that the chancellor did not err in dismissing the petition and awarding the vendor the relief prayed for.

Judgment affirmed.