## Shearer and Ramsey v. Backer, et al.

(Decided February 20, 1925.)

### Appeal from Wayne Circuit Court.

1. Vendor and Purchaser—Purchasers in Possession Under General Warranty Deed Cannot Resist Payment in Absence of Nonresident or Insolvency of Grantors.—Purchasers in possession under general warranty deed cannot resist payment of purchase money notes, where their right or title to the land is not being disputed, and the grantors are not insolvent or nonresidents.

2. Action—Question Previously Adjudicated Not Subject of "Actual Controversy" Within Declaratory Judgment Act.—Judgment terminating life tenancy, limiting tenant's interest to support out of proceeds of land, and declaring tenant's children owners and entitled to possession, in action by children against tenant, held conclusive in subsequent action by children's successors in interest, under Declaratory Judgment Act, on question whether the land is charged with the support of life tenant, and such question having been adjudicated is not subject of "actual controversy," within sections 1 and 6.

3. Action—Questions Held Not Relative to "Rights" or "Duties" About which "Actual Controversy Exists" Within Declaratory Judgment Act.—Where will provided life estate should terminate and property pass to life tenant's children if life tenant's interest should be sold to satisfy debt, questions whether a restriction on alienation had expired whether interests of children who should die would go to their children, and whether subsequent born children would acquire any interest, and if so, extent thereof, held not subject of adjudication under Declaratory Judgment Act, providing for adjudication of questions of "right" or "duties" about which "an actual controversy exists."

HARRISON & HARRISON and BERTRAM & BERTRAM for appellants.

DUNCAN & BELL and B. J. BETHURUM for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

W. J. Kindrick died intestate in 1889, possessed of a large estate. By the fifth clause of his will he devised to his son, James E. Kindrick, 900 acres of land for life, with remainder to his children, subject to the provision that "Said lands are not to be alienated during the life estate of my said son nor until his youngest child attains majority." Other described tracts of land were devised to his other children and their descendants in

practically the same way. Following these bequests, clause 11 of the will provides that:

"Item 11th. In case of any of the devisees for life under this will getting in debt, incurring liabilities, and any creditors shall undertake to cause the collection of his claim against him or her by legal process of any kind and selling the interest of such life tenant, in such event the interest and estate of such life tenant shall instantly cease and the same shall pass to the next devisee or devisees in succession, subject, however, to the power of the trustees of the estate making allowances to such life tenant out of the proceeds of the estate to prevent such person from coming to want, and the guardian of the children who are beneficiaries under this will shall have the same power."

In 1897 a creditor of James E. Kindrick obtained a judgment against him for $200.00, execution issued thereon was levied upon his interest in 59½ acres of the 900-acre tract, and same was sold thereunder to I. C. Ramsey, who took possession and held same until 1910. In 1910, the children of James E. Kindrick sued to forfeit his life estate in the 900 acres, and to recover the smaller tract from Ramsey and his lessee, the Wayne County Fair Association, under item 11, *supra,* of their grandfather's will. A settlement having been effected with Ramsey and his lessee, whereby they became tenants of the plaintiffs, and the cause having been submitted, the following judgment was rendered:

"This day came the plaintiffs by their attorneys and on their motion it is ordered and adjudged by the court that this cause as to the defendant, I. C. Ramsey, and the Wayne County Fair Association be and the same is now dismissed settled.

"And the defendants, J. E. Kindrick and Ethel S. Kindrick, having been duly summoned and failing to answer and this cause as to said defendants having on motion of plaintiffs by their attorneys been submitted to the court upon the pleadings and exhibits on file and the court being sufficiently advised, is of the opinion that the plaintiffs are entitled to the relief sought in their petition against said defendants. It is therefore adjudged and ordered by the court that the plaintiffs, Evelyn K. Backer, May

K. Geary, Leila B. Kindrick, Perkin I. Kindrick and Allen R. Kindrick, are the joint and equal owners of the following described tract of land situated and being in Wayne county, Kentucky, and near the town of Monticello, and bounded as follows, to-wit: (here is copied into the judgment the same boundary as the first boundary in the petition), and are now entitled to the possession, control and management of the whole of said tract and boundary of land and the use of same, subject, however, to the right upon the part of the defendants, James E. Kindrick and Ethel S. Kindrick, to have a comfortable and reasonable support out of the proceeds of said land for and during their natural life.''

The plaintiffs in that action, the two sons and three daughters of James E. Kindrick, took possession under the judgment, from which there has been no appeal, and have held the land, claiming same in fee, ever since.

In 1912, one of the sons died leaving a will by which he devised his interest in the land to his brother and sisters. In 1919, the other son sold and conveyed his interest therein to his three sisters. In 1920, the three sisters divided the land into lots and farms and sold same at a public sale. At that sale the plaintiffs and appellants in this action purchased several of the lots and farms at prices aggregating $29,651.78. Of this sum, they paid one-third in cash, and for the remainder executed their two equal notes due in one and two years, to secure the payment of which a lien was retained in the general warranty deed executed to them for the land by appellees.

Thereafter, in September, 1923, appellants instituted this action against appellees under the Declaratory Judgment Act (chapter 83, 1922 Acts), to enjoin the collection or transfer by appellees of the purchase money lien notes, for a declaration as to the disputed rights of the appellees to convey title to the land, and more especially to determine whether or not the title conveyed to them was subject to defeasance, under the will of W. J. Kindrick, in the event another child should be born to James E. Kindrick.

A demurrer to the petition was overruled, as was also a demurrer to the answer, whereupon the cause was submitted for judgment upon the pleadings and exhibits filed therewith, and the court, expressing the opinion

"that the plaintiffs are not entitled to any relief sought," dismissed their petition, and they have appealed.

As plaintiffs have never been evicted from the land but are in possession under a deed of general warranty, and no one is even disputing their right or title to the land, they cannot, under a long line of cases from this court, resist payment of the purchase money notes in the absence of nonresidency or insolvency of the grantors, and as the pleadings and exhibits show that neither of these conditions exists here, it is apparent that plaintiffs were not entitled to the injunction for which they prayed.

With reference to how firmly settled in our jurisprudence is the rule that a grantee in a general warranty deed cannot deny his grantor's title or refuse payment of the purchase money before eviction, unless the grantor is insolvent or a nonresident, this court, after citing some of the cases so holding, said in Bryant v. Green, 193 Ky. 139, 235 S. W. 10:

> "These cases, and others cited in them supporting this principle of law, range from among the earliest to nearly the latest of the reported cases from this court, and we have been unable to find any local case that questions the soundness of the above statement of the law."

More recent cases so holding are: Goatley v. Harmon, 197 Ky. 669, 248 S. W. 212; Sellards v. Ward, 199 Ky. 330, 250 S. W. 1009, and this is the rule elsewhere as well. 27 R. C. L. 615; 39 Cyc. 1413; 29 Amer.-Eng. Encyclopedia 670.

The questions with reference to their title under the deed from appellees, which they seek to have answered under the Declaratory Judgment Act, may be stated thus: (1) Had the restriction upon alienation imposed by the fifth clause of the will of W. J. Kindrick expired when the deed was made? (2) Is the land charged with the support of James E. Kindrick during his lifetime under the fifth and eleventh clauses of the will? (3) If any of the children of James E. Kindrick should die before his death would their interests go to their children, under the will? and (4) If James E. Kindrick, now 62 years of age, should have other children what, if any, interest would they take in the land?

The second of these questions was conclusively answered by the prior judgment of the Wayne circuit court, *supra*. There was no appeal from that judgment. It has never been vacated or modified. All interested parties were before the court, and plaintiffs in this action, claiming under the plaintiffs therein, are as conclusively bound thereby as are the latter and James E. Kindrick. Any afterborn child, if there should be such, is as much bound by that judgment as it could be by this. That judgment, construing the same sections of the will, expressly terminated the life tenancy, limited the tenant's further interest in his father's estate to support out of the proceeds of the land, and declared the plaintiffs owners of and entitled to the possession of the land.

Questions already adjudicated by a court having jurisdiction of the subject matter and the parties, cannot thereafter be the subject between such parties and their privies of "an actual controversy" within the meaning of those terms in sections one and six of the Declaratory Judgment Act. Hence the court did not err in dismissing the action with reference to the second question, *supra*.

Besides, James E. Kindrick joined in the conveyance to appellants, and while that fact does not of course waive his right of support out of the proceeds of the land and against the trustees of the estate, it is an express waiver of a claim therefor against the land or his grantees, the appellants.

The first, third and fourth questions may not be thus precluded, but no one of them presents a question of "rights" or "duties" about which "an actual controversy exists," and none of them therefore calls for an exercise of the jurisdiction conferred by the Declaratory Judgment Act.

Appellants are in possession under a deed of general warranty. No one is questioning either their title or possession, nor is it apparent from this record that there is anyone in existence who can do so. The only existent controversy with anyone that is disclosed is the one already disposed of as to the right of appellees to collect, and the duty of appellants to pay, the balance of the purchase price for the land.

After appellants have accepted a warranted title and are in full and undisputed possession of the land, what may or may not happen to their title or possession

is simply a speculative argument that is not now and may never become an actual controversy about rights or duties, and it was not the purpose of the Declaratory Judgment Act to impose upon the courts the burden of answering such abstract and speculative propositions of law simply to satisfy the curiosity or fears of the parties about possible controversies that may or may not arise out of their executed contract. This is made quite clear by the act itself, and all such acts have uniformly been so construed, so far as we can find. See 25 R. C. L. 1069, and notes in Ann. Cas. 1917B 651, and 12 A. L. R. 69.

It is, therefore, clear the lower court did not err in refusing to enjoin the collection of the involved notes or to answer the other questions propounded, and the judgment is affirmed.