## Harper, et ux. v. Wilson.

(Decided March 2, 1928.)

### Appeal from Allen Circuit Court.

1. Covenants.—Action for breach of covenants of warranty in deed cannot be maintained until there has been eviction of purchaser, unless vendor is insolvent, or nonresident or has been guilty of fraud in transaction.

2. Vendor and Purchaser.—Grantee cannot, merely because he has ascertained that some other person holds title superior to his,

abandon possession received from grantor and demand return of price.

3. Vendor and Purchaser.—Where grantor was neither insolvent nor a nonresident, nor guilty of fraud in sale of land, grantee's action against grantor for cancellation of deed and notes for price and for return of price paid was properly dismissed, where grantees were never disturbed in possession of land, nor suffered loss because of grantor's delay in acquiring a perfect title.

4. Vendor and Purchaser.—Where grantor acquired a good title to land after conveyance thereof to plaintiffs, tender of a new deed to plaintiffs was unnecessary, since conveyance to grantor subsequent to deed to plaintiffs inured to plaintiffs' benefit.

F. R. GOAD and N. G. GOAD for appellants.

N. F. HARPER, A. J. OLIVER, W. D. GILLIAM and THURMAN B. DIXON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On September 20, 1923, the appellee, R. E. Wilson, conveyed to appellants, L. G. Harper and wife, by general warranty deed, a tract of 50 acres of land at the price of $4,400, of which sum $800 was paid in cash, and the balance was represented by lien notes. Appellants took possession of the land, and continued to use and occupy the place until March, 1925, when they brought this action against Wilson for a cancellation of the deed and of the outstanding purchase money notes for $3,600, and praying for a judgment for $800, which had been paid as a part of the purchase price, and the further sum of $285 damages.

Thurman B. Dixon and wife had conveyed the land to R. E. Wilson on November 21, 1922, Dixon having purchased it at a commissioner's sale in a proceeding in the Allen circuit court styled First National Bank v. B. P. Dallas and F. A. Dallas, which was an action to enforce a lien on the property. On March 13, 1922, the same tract of land was sold under order of the same court in an action styled Gardner v. Dallas, and Thurman B. Dixon became the purchaser at that sale.

The defendants filed exceptions to the commissioner's report of sale in each action, and the exceptions were overruled and the sale confirmed in each instance. The defendants appealed, and the judgments in both cases were reversed by this court—one on November 13, 1923, and one on February 3, 1925. Dallas v. First National Bank, 200 Ky. 826, 255 S. W. 835; Dallas v. Gardner, 207

Ky. 93, 268 S. W. 847. Pursuant to the direction in the opinion in Dallas v. Gardner, the two actions were consolidated, and the land was again sold under an order of the court. The appellee became the purchaser at the commissioner's sale, the report of sale was confirmed, and on October 1, 1926, the master commissioner executed to the appellee a deed to the land which was approved by the court. Appellee then executed another deed, and tendered it to the appellants, and filed an amended answer and counterclaim, asking judgment on his notes and enforcement of his lien. The court dismissed appellants' petition, and gave appellee judgment for the amount of his notes, and from that judgment this appeal is prosecuted.

The deed executed by appellee on September 20, 1923, and delivered to the appellants, contained a covenant of general warranty. At the time this action was instituted, appellants were in possession of the land, and, so far as the record discloses, no one was asserting any claim to it. Appellee informed them that he proposed to defend their title, and that, in the event they were evicted, they were protected by the warranty in their deed.

Appellants never tendered the balance of the purchase price, nor demanded any other deed, but instituted this action for recovery of the amount that had been paid, for cancellation of the outstanding notes, and for damages.

It is well established in this state that an action for breach of the covenants of warranty in a deed cannot be maintained until there has been an eviction of the vendee, unless the vendor is insolvent or a nonresident, or has been guilty of fraud in the transaction. English v. Thomasson, 82 Ky. 280, 6 Ky. Law Rep. 267; Waggener v. Howsley's Adm'r, 164 Ky. 113, 175 S. W. 4; Bryant v. Green, 193 Ky. 139, 235 S. W. 10; Goatley v. Harmon, 197 Ky. 669, 248 S. W. 212; Sellards v. Ward, 199 Ky. 330, 250 S. W. 1009. The foregoing cases hold in effect that the mere existence of a paramount legal title which has never been asserted will not authorize a suit by the grantee against the grantor for breach of a general warranty of title. The grantee cannot, merely because he has ascertained that some other person holds a title superior to his own, abandon the possession which he received from the grantor and demand a return of the purchase money. The appellee, at the time this action was insti-

tuted, was neither insolvent nor a nonresident, nor was he guilty of any fraud in the transaction. He sold and conveyed the land in the utmost good faith, and perfected the title as promptly as he could under the circumstances. Appellants were never disturbed in their possession of the land, nor is there any proof that they suffered any loss by reason of the delay in acquiring a perfect title. As soon as the appellee acquired a good title to the land, he tendered a new deed to the appellants, but this was unnecessary, since a conveyance to him subsequent to the deed of September 20, 1923, inured to the benefit of appellants. Logan v. Steele, 4 T. B. Mon. 430; Morrison v. Caldwell, 5 T. B. Mon. 426, 17 Am. Dec. 84; Dickerson v. Talbot, 14 B. Mon. 60.

We are of the opinion that the chancellor properly dismissed appellant's petition, and the judgment is affirmed.