## Purdom v. Hays et al.

(Decided June 14, 1935.)

JOHN E. CAMPBELL for appellant.

CARL P. KING amicus curiæ.

G. C. WILSON and J. E. JOHNSON, Jr., for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

The appeal is from a declaratory judgment holding that commissioners under the city manager form of government are not to be elected in the city of Hazard at the regular November election, 1935.

The facts are: At the regular November election, 1933, held pursuant to chapter 114, Acts 1932, now sections 3606c to 3606c-37, Kentucky Statutes, 1933 Sup-

plement, the voters of the city of Hazard, a city of the fourth class, adopted the city manager form of government.

The time for electing the commissioners is fixed by section 3606c-4, Kentucky Statutes, 1933 Supplement, which reads as follows:

"If the vote shall be in favor of the organization and government of the city under the city manager form of government, then at the first succeeding regular election at which the mayor, or police judge of such city is elected, there shall be elected by the qualified voters of said city, four commissioners and a mayor, or police judge, as the case may be, who shall hold office under the provisions of this act, and such city manager form of government shall become effective, and go into operation upon the qualification and installation in office of the mayor or police judge, as the case may be, and commissioners elected at such election."

At the same election at which the city manager form of government was adopted, Lloyd P. Larkey was elected mayor of the city of Hazard for a term of four years beginning the first Monday in January, 1934, and ending the first Monday in January, 1938, and pursuant to an ordinance enacted under section 3510, Kentucky Statutes, J. C. Steele was appointed police judge by the city council for a term of four years beginning the first Monday in January, 1934. Mr. Larkey, the regularly elected mayor, qualified on the first Monday in January, 1934, and immediately resigned his office, and the council selected Mr. Eblen to fill the vacancy. It is conceded that the appointee holds over until the November, 1935, election, at which time his successor will be elected.

As the statute authorizes the election of four commissioners and a mayor or police judge "at the first succeeding regular election at which the mayor, or police judge of such city is elected," and as no police judge is to be elected at the November, 1935, election, the question turns on whether there is to be an election of a mayor within the meaning of the statute. On the one hand, it is argued that an election at which the mayor is elected to fill out an unexpired term comes

within the purview of the statute, while others take the position that the statute contemplates a regular election at which the mayor is elected for a full term. Each position is fortified by able briefs and persuasive arguments, all of which have been carefully considered. Owing to the necessity for an immediate decision, it will not be possible to elaborate our views. It is clear, we think, that the Legislature did not intend to make the time of the election of the commssioners under the city manager form of government turn on an uncertain or fortuitous circumstance, such as the death or resignation of the mayor or police judge, but had in view a regular election at which the mayor or police judge is elected for a full term and not for the unexpired term of another.

It follows that the ruling of the circuit court is correct.

Judgment affirmed.