Robert AYOTTE et al., Individually, etc., Appellants,

v.

CITY OF DANVILLE, Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 24, 1967.

P. Joseph Clarke, Jr., Donald D. Harkins, Danville, for appellants.

Henry V. Pennington, Danville, for appellee.

CULLEN, Commissioner.

At the November 1966 election the voters of Danville, a city of the third class, adopted the city manager form of government, KRS 89.390 to 89.680. A few days thereafter the mayor, who had been elected in 1965 for a four-year term expiring in January 1970, resigned. The resulting situation created some questions which were submitted to the circuit court in this declaratory judgment action brought by the city against several representative citizens, voters and taxpayers. The latter have appealed from the judgment entered by the circuit court. (The city filed notice of cross-appeal but did not perfect a cross-appeal.)

The principal adjudication by the circuit court was that the election to be held in November 1967 to fill the vacancy in the office of mayor was not "the first regular election at which the mayor of the city is elected after the election at which the city manager form of government was adopted," within the meaning of KRS 89.430(2); therefore commissioners under the new form of government could not be elected at that election; and the new form of government would not become effective and go into operation, under KRS 89.430(4), until qualification and installation of the mayor elected for a full term in 1969 and of the commissioners to be elected at the same time.

The adjudication was rested on the interpretation that "regular election at which the mayor of the city is elected," as used in KRS 89.430(2), means an election for a full term and not an election to fill a vacancy. Such was the interpretation placed on this statute by this court in Purdom v. Hays, 260 Ky. 82, 83 S.W.2d 846.

■ The appellants urge that Purdom v. Hays should be overruled because it was wrong to begin with and because subsequent changes in the election laws have made it clear that "regular election" means any November election at which state or local officers are to be elected. We are not persuaded. We think that when reference is made to a "regular election" *for a particular office* the purpose is to designate the election for a *full term* as distinguished from an election to *fill a vacancy*. While the latter election may be held at the time of the regular election for other offices, it is a *special* election as concerns the filling of the vacancy.

■ It is argued that the only purpose of the legislature in postponing the election of commissioners under the new form of government until the next election for mayor was to avoid disturbing an incumbent mayor's administration, and that this purpose would not be violated by electing the new commissioners at the first opportunity after a mayor had died or resigned. We think, however, that the legislature had a clear purpose to fix a *definite* date for election of the new commissioners and commencement of the new form of government, to enable appropriate preparation to be made, and that this purpose would be frustrated if the time of the election were to be determined by the happenstance of a death or resignation.

We choose to adhere to Purdom v. Hays.

■ A second adjudication in the judgment below was that the provisions of KRS 89.440 for a primary election would not apply in the election of 1967 to fill the vacancy in the office of Mayor of Danville, because the city manager form of government would not yet be effective. It is conceded by the appellants that this adjudication is correct if Purdom v. Hays be adhered to.

A third adjudication was that four commissioners, not merely two, shall be elected in 1969. Prior to 1958 the statutes provided that in third-class cities having the city manager form of government there should be only two commissioners. By a 1958 amendment to KRS 89.430 the number was increased to four; however, the legislature neglected to make necessary adjustments

in KRS 89.440 and 89.450. These adjustments, except for one minor oversight, were made by 1966 amendments to the latter sections. There really is no room for questioning that the number of commissioners is to be four.

While an actual controversy did not rage at the particular time this lawsuit was filed with respect to the three questions hereinbefore discussed, we think such a controversy was so imminent and inevitable as to warrant a declaration of rights. See KRS 418.040; Payne v. Davis, Ky., 254 S.W.2d 710. However, as concerns a fourth question—whether the salary of the city manager to be chosen in 1970 will be limited by Sec. 246 of the Kentucky Constitution— no semblance of an actual controversy can be said to exist at this time. Accordingly, the circuit court should not have made a declaration on that question.

To the extent that the judgment makes a declaration on the question of whether Section 246 of the Kentucky Constitution applies to city managers it is reversed with directions to omit any declaration on such question; in all other respects the judgment is affirmed.

All concur except STEINFELD, J., who dissents.

STEINFELD, Judge (dissenting).

I concur in the opinion of the Court except the part which holds that the parties may have a declaration of rights. There is presented no justiciable controversy. I adhere to the rules announced in Shearer et al. v. Backer, 207 Ky. 455, 269 S.W. 543 and Board of Education of Berea et al. v. Muncy et al., Ky., 239 S.W.2d 471. The opinion is advisory. We do not have the right to advise. In re Constitutionality of H.B. 222, 262 Ky. 437, 90 S.W.2d 692, 103 A.L.R. 1085; Combs, Governor v. Matthews, Ky., 364 S.W.2d 647.