**Robert COATES and wife, Pauline Coates, Appellants,**

v.

**Donald M. NIVEN and wife, Hilda Niven, et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 22, 1974.

Rehearing Denied Feb. 7, 1975.

---

Carroll S. Franklin, Franklin & Gordon, Madisonville, for appellants.

Richard L. Frymire, Moore, Morrow, Frymire & McGaw, Madisonville, J. Gordon Lisanby, Princeton, for appellees.

CULLEN, Commissioner.

In 1969 the appellant Robert Coates purchased from the appellees Marion and Howard Lisanby two 2-acre tracts of land on Lake Beshear, in Caldwell County, Kentucky, which lake was created by the Kentucky Department of Fish & Wildlife through the impoundment by a dam of the waters of Piney-Cliftey Creek. Coates and his wife then sold the land to the appellee Donald Niven (at a profit of some $14,000), along with some personalty. After Niven had been in occupancy for more than a year, he learned that the Department of Fish & Wildlife might claim title to all or a large portion of the tracts under a deed to the department from the Lisanbys' father, executed in 1956. Niven and his wife then brought suit against Coates and wife for a rescission of the purchase. The defendants brought in the Lisanbys on a third-party complaint. The circuit court entered judgment rescinding the sale from Coates to Niven (including the sale of the personalty as well), and the sales from the Lisanbys to Coates. We have before us an appeal from that judgment by Coates and his wife.

The circuit court did not find fraud on the part of Coates, but rescinded the sale from Coates to Niven on the grounds that

"* * * there was such a failure of consideration as to invalidate the sales; that the properties are unfit for the purposes for which they were sold; that there was a substantial and thwarting insufficiency in the acreage conveyed; that the conveyance of additional acreage will not suffice; and that while it is fraud for the Seller to sell that which he does not own, the actions of the Seller in the present case resulted more from mistake than from deliberate fraud."

We note that the "failure of consideration" and the "substantial and thwarting insufficiency in the acreage conveyed" have reference to the claimed defect in the *title* to the land conveyed rather than to an insufficiency of the *quantity* of land conveyed. Also, we note that the finding that "the properties are unfit for the purposes for which they were sold" again has reference to the possible loss of title to all or a substantial portion of the land conveyed. So the situation, we think, is simply one of defective title.

The deeds from Coates to Niven contained covenants of general warranty, and the remedy granted was in substance a rescission by reason of a claimed breach of that warranty, as to title. No fraud was found. The controlling question in the case, in our opinion, is whether the Nivens could assert a claim for that relief without showing an actual breach of warranty through an *eviction* by the holder of the paramount title.

The firmly established rule in this jurisdiction is that after a contract for the sale of land has been executed and the vendee has been placed in peaceable possession, the vendee cannot maintain an action for rescission or for damages, for breach of warranty of title, until he has been *evicted,* unless the vendor is insolvent or a nonresident or has been guilty of fraud in the transaction. See Harper v. Wilson, 223 Ky. 390, 3 S.W.2d 769, and numerous other cases cited in 6 Kentucky Digest, Covenants, p. 332; and in 18A Kentucky Digest, Vendor & Purchaser, pp. 380 to 384, and

pp. 556 and 557.[1] The rule applies even though the vendor may have represented his title as perfect when in fact it is not; constructive fraud is not sufficient. Towels v. Campbell, 204 Ky. 591, 264 S.W. 1107. And the fact that there was a *mistake* or an error of opinion as to the title does not change the rule. Goatley v. Harmon, 197 Ky. 669, 248 S.W. 212.

The general rule in other jurisdictions is the same. 55 Am.Jr., Vendor and Purchaser, sec. 598, p. 990; 20 Am.Jur.2nd, Covenants, Conditions, Etc., sec. 54, p. 625, and sec. 111, p. 668.

The facts in the instant case seem particularly appropriate for application of the rule. Concededly, the Department of Fish & Wildlife has paramount *paper* title to the tracts in question, by virtue of a 1956 deed from the Lisanby's father (the then owner) in which the department was conveyed such of the Lisanby land as would be covered by impounded water as a result of construction of a dam 50 feet high in Piney-Cliftey Creek, *plus* an additional strip of land surrounding the impounded water extending 50 feet from the *maximum* pool (the top of the dam). This conveyance embraced substantially all of the two tracts later sold to Niven. However, the dam (which was not built until 1959) was not constructed to a height of 50 feet, but only to a height of 28 feet, and in title acquisitions by the department from a number of other landowners the deeds conveyed *full title* only to such land as would be covered by impounded water up to *normal* pool stage (at elevation 410 which is 10 feet below the *top* of the dam which is at elevation 420), plus an *easement* for a strip extending 50 feet from *normal* pool stage. If the department were to claim only that much ownership of the Lisanby tract, Niven would not be deprived of any substantial part of the tracts he purchased.

While the Department of Fish & Wildlife sent a general notice to all of the property owners around the lake stating that "Some deeds conveyed land to the Department on the basis of a fifty foot dam plus fifty feet around the lake measured from the maximum pool at the top of the dam," the notice further stated that the department "owns all of the land under Lake Beshear to elevation 410 plus a fifty foot strip of land around the lake measured from the water line at that elevation," and it appears from other documents in the record that the department may not seek to exert ownership of any more than the latter. There is nothing in the record to show that Niven is under any imminent threat of eviction.

It is our conclusion that the trial court erred in granting relief to the Nivens, because they did not show an eviction.

The judgment is reversed with directions to enter judgment in conformity with this opinion.

All concur.

---

1. As to what constitutes an eviction, see cases cited in 6 Kentucky Digest, Covenants p. 334.