**Elmer BLANKENSHIP, Appellant,**

v.

**Harold STOVALL, Joan Stovall, Norvel Stovall, Yvonne T. Stovall, Gayla Petty, Robert Lee Petty, and Dewayne Stovall, Appellees.**

No. 92–CA–1499–S.

Court of Appeals of Kentucky.

July 9, 1993.

Discretionary Review Denied by Supreme Court Oct. 20, 1993.

David Goin, Harrison & Goin Law Firm, Scottsville, for appellant.

Kelly D. Powell, Scottsville, for appellees.

Before EMBERTON, GARDNER and MILLER, JJ.

MILLER, Judge:

Elmer Blankenship brings this appeal from an order of dismissal by the Allen Circuit Court entered on June 16, 1992. We reverse and remand.

Appellant bought from appellees a tract of land in Allen County, Kentucky. A deed of conveyance contained a general warranty as defined in Kentucky Revised Statute (KRS)

382.030.[1] It developed that the property was encumbered by a judgment lien. Appellant negotiated a release of the lien by payment. To recover his outlay, he sued, claiming breach of the covenant of general warranty. The court dismissed the suit, thus precipitating this appeal.

Appellant contends the trial court incorrectly applied the holding of *Coates v. Niven,* Ky., 517 S.W.2d 744 (1974), and the recent case of *Pendleton v. Centre College of Kentucky,* Ky.App., 818 S.W.2d 616 (1991), to dismiss this cause of action pursuant to Kentucky Rule of Civil Procedure (CR) 12.02(f). We agree.

The concept of "general warranty," as used in deed clauses, includes several different covenants including one that the grantor is seized of title and one that the land is free from encumbrances. *See Waggener v. Howsley's Adm'r,* 164 Ky. 113, 175 S.W. 4 (1915); and *Smith v. Jones,* 97 Ky. 670, 31 S.W. 475 (1895). The trial court's reliance upon *Coates* and *Pendleton* in the present case is misplaced. The covenant breached in *Coates* and *Pendleton* was that of title. It is true that no action lies for the breach of the covenant of title until eviction or unless the grantor is insolvent, a nonresident or has been guilty of fraud in the transaction. *Coates, supra.* The covenant breached in the instant case is that against encumbrances. Breach of this covenant does not require an eviction, but is breached, if at all, upon conveyance of the property. 20 Am.Jur.2d *Covenants, Conditions, Etc.* §§ 81 *et seq.* (1965).

For the foregoing reasons, the order of the circuit court is reversed, and this cause is remanded for proceedings consistent with this opinion.

All concur.

---

**1.** Kentucky Revised Statute 382.030 reads as follows:

    General warranty—Words that constitute.—A covenant by a grantor in a deed, "that he will warrant the property hereby conveyed," or words of like import, or the words "with warranty," or "with general warranty," in any deed, have the same effect as if the grantor had covenanted that he, his heirs and personal representatives, would forever warrant and defend the property unto the grantee, his heirs, personal representatives and assigns, against the claims and demands of all persons whatever.